IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES,                          )
           Plaintiff,                 )
                                      )
v.                                      )          Case No. 20-10028-11-EFM
                                      )
                                      )
KEVIN LEWIS,                            )
           Defendant.                 )
_____                 )

## ORDER DENYING MOTION FOR RECONSIDERATION
## AND DENYING ALTERNATE MOTION FOR TEMPORARY RELEASE

The Defendant was previously ordered detained pending trial on March 10, 2020, after a hearing under 18 U.S.C. §3142(f). The Court found as a result of that hearing that there were no conditions or combination of conditions that may assure the Defendant's presence for future proceedings in this matter or the safety of the community. (Doc. 137).

The Defendant has now moved for reconsideration of that Order or, alternatively, that the Defendant be released from detention temporarily pursuant to 18 U.S.C, 3142(i). (Doc. 185). The basis for the motion and the alternative motion is that the nation is currently experiencing an epidemic of the Novel Coronavirus, which causes the disease designated COVID-19. The Defendant has two chronic medical conditions, hypertension and diabetes, which the Defendant alleges make him at higher risk for acquiring the disease or becoming more ill if the disease is contracted. The Defendant claims that the jail is not a safe place for the Defendant to be protected from the disease and moves for his release from confinement.

The Court takes judicial notice of the present national (and world-wide) emergency. There is little point in a detailed snapshot of the status of the constantly-developing emergency. There are an increasing number of COVID-19 cases and deaths from the illness in every State,

including Kansas. Much of the nation is under voluntary or mandatory "stay-at-home" orders which require or encourage minimal contact between citizens in an effort to slow the spread of the virus. Restaurants, schools, universities, hotels, bars, many retail establishments and business have closed. The Chief Judge of the District of Kansas has issued emergency orders suspending most in-person non-emergency criminal hearings including jury trials. (Orders 2020-2 and 2020-3). The President has extended federal guidance recommending "social distancing" through April 30.

The Defendant is detained in the Butler County Jail though a contract between the United States Marshal's Service and the Sheriff of Butler County, Kansas. The jail has implemented some precautions as a result of the current emergency. These include:

1. Prohibiting contact visits with inmates unless is it attorney/client.
2. Cancelling all onsite family/friend visitation completed through on-site terminals.
3. Screening all attorneys for signs and symptoms of the virus upon entering the lobby.
4. Offering attorneys a non-contact room first but not denying access to their client if a contact room is requested.
5. Cancelling all volunteer programs.
6. Putting sanitation procedures in place throughout the facility, including in both contact and non-contact visitation rooms.
7. Putting booking/admission sign and screening procedures in place. All inmates will be screened immediately upon arrival to the facility to decide if admission will be accepted.
8. Putting screening procedures throughout the facility in place.

Defendant claims that the jail lacks some sanitation items such as adequate soap, hand-sanitizer, disinfectant wipes and masks. Defendant claims that the jail inherently cannot eliminate close contact among prisoners. At this writing there is no claim that a COVID-19 case has occurred at the jail, or that if there is an outbreak the jail cannot respond.

**The Motion for Reconsideration**

The hearing on detention may be reopened if "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the

issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. §3142(f)(2)(B).  Although the medical condition of the Defendant may be considered on the issue of detention under 3142 (g)(3)(A), that consideration must still be relevant to the issue of flight risk or danger.

The current emergency and the Defendant's medical condition in relation to that emergency do not have a "material bearing" on those issues.  The Court declines to reopen the detention hearing on that basis. The Motion for Reconsideration is DENIED.

### The Motion for Temporary Release

The Defendant's motion for temporary release under 18 U.S.C. §3142(i) is on a different footing.  Under that provision the Court may issue a "subsequent" order to release the Defendant for a "compelling reason."  This issue has been recently considered in this District by Magistrate Judge Mitchell in *United States v. Clark*, 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. March 25, 2020).   That persuasive opinion will be followed here.

There is authority for granting temporary release for medical reasons, when the medical conditions are acute and profound, or the jail is unable to provide appropriate care. *United States v. Clark*, *supra*, page 4 (summarizing cases).  In *Clark*, the Court recognized four factors to consider: (1) the original grounds for the defendant's pretrial detention; (2) the specificity of the defendant's COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

1. Original grounds for detention.

The Defendant was detained as both a flight risk and a danger to community. This was based, in part, on a statutorily-imposed presumption of detention based on the charges in this case. Beyond that, the Defendant is alleged to be a central actor in a large drug-trafficking conspiracy. He is facing numerous charges, some of which carry 10-year mandatory minimum sentences. He has a substantial and lengthy criminal history and, significant to the present motion, a poor record of compliance with pretrial or post-conviction court conditions. This latter consideration is relevant to the court's ability to impose conditions that could protect the Defendant and supervising court personnel from current emergency.

2. The specificity of Defendant's COVID-19 concerns.

The Defendant is specifically concerned about the effect of COVID-19 if he contracts the disease based on his increased vulnerability. His concern that he may be more at risk than the general population to contract the disease is not well supported, but the Court recognizes that persons with pre-existing conditions are more at risk for a poor outcome once contracting the illness. However, there is no indication that he is currently ill from his chronic conditions, or that the jail is unable to care for him. There is no claim that the conditions of his confinement fail to meet constitutional standards. *See generally **Bell v. Wolfish***, 441 U.S. 520 (1979); **Burke v. Regaldo**, 935 F.3d 960 (10th Cir. 2019).

3. The proposed release plan and 4. increased risk to others.

The Defendant proposes a general release, presumably with conditions. The Defendant fails to establish that releasing him would make him safer from the virus than confinement. There are no current cases in the jail, and no indication that the jail would be unable to isolate a

case if one arose.  While prisoners are at proximity to each other, they are separated from the general population to a greater extent than one at liberty.  There is also no indication that the jail would be unable to care for him if he became ill.  The Defendant would be at risk of contracting the disease in the general public, and the Court has no confidence that conditions of release designed to insulate the defendant from the public for that purpose, if such could be devised, would be honored.  Furthermore, release would require or enable contact with pretrial services and others, which would further expose the Defendant.  The efficacy of protecting the Defendant from the virus by releasing him from jail is not established. Given that the Court has found that releasing the defendant poses a risk to the public, it is not rational to override that concern with the general risk presented by the virus under present circumstances.

Given the Court's previous finding that the Defendant is a flight risk and a danger to community, and the lack of evidence that the current emergency requires the release of the Defendant, the motion for temporary release is DENIED. [1]

IT IS SO ORDERED this 30th day of March 2020.

s/ Kenneth G. Gale
KENNETH G. GALE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court finds that under the circumstances a live hearing on this matter is neither practical nor required. *See United States v. Clark, supra,* note 1.